UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

XL SPECIALTY INSURANCE
COMPANY,

     Plaintiff,

v.                                                    Case No. 3:17cv399-RV-CJK

PAYROLL MANAGEMENT, INC.,

     Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

On February 22, 2018, the court conducted a telephonic status conference/hearing on plaintiff's "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20). Based on defendant's failure to meet its discovery obligations and failure to comply with the court's November 22, 2017, order, the undersigned recommends that defendant's pleadings be stricken, including its counterclaim. In addition, plaintiff is entitled to recover the reasonable expenses it incurred in bringing both its "Motion to Require Turnover of Documents for Audit" (doc. 14) and "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20).

BACKGROUND

This action involves a dispute over an excess workers' compensation and employer liability insurance policy.  Plaintiff issued the policy to defendant for the period covering May 1, 2015, to May 1, 2016.  Plaintiff alleges defendant failed to allow an audit of its records to determine whether and in what amount defendant owes additional premium to plaintiff under the policy.  Defendant's counterclaim alleges plaintiff breached the policy by not complying with its obligation to pay claims expenses in excess of $600,000.

On November 2, 2017, plaintiff filed a "Motion to Require Turnover of Documents for Audit."  (Doc. 14).  Plaintiff claimed defendant repeatedly failed to provide plaintiff with documents necessary for an audit the parties had agreed upon.*  Plaintiff sought the production of the documents, as well as its expenses for bringing the motion.  Defendant did not respond in opposition.  On November 22, 2017, therefore, the undersigned ordered defendant to produce the documents necessary for the audit within 7 days.  (Doc. 16).  The court further ordered the parties to confer concerning the sanctions issue and, within 7 days, file a report indicating whether a dispute still existed regarding the issue.

---

* The court had previously granted multiple extensions of the discovery deadline based on the parties' representation that defendant would produce relevant documents to plaintiff for the audit, and said audit would likely resolve the issue of whether payment is owed by either party under the policy.  (Docs. 10-13).

Case No. 3:17cv399-RV-CJK

On November 30, 2017, plaintiff submitted a report indicating defendant failed to produce the required documents and plaintiff's counsel had been unable to reach defense counsel to discuss the sanctions issue. (Doc. 17). Plaintiff filed a "Motion for Enforcement of Court Order and/or for Status Conference" on January 25, 2018. (Doc. 20). Plaintiff reported defendant still had not complied with the court's November 22, 2017, order to produce the documents needed for the audit. Based on the foregoing series of events, plaintiff sought "a hearing or show cause order to require compliance with this court's previous order and to consider the issue of contempt or other sanctions." (Doc. 20, p. 3).

On January 31, 2017, the court ordered defendant to show cause within 7 days why sanctions should not be imposed due to its failure to comply with the court's November 22, 2017, order. (Doc. 21). Defendant did not respond to the show cause order. The court then conducted the status conference/hearing on plaintiff's "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20) on February 22, 2018.

## DISCUSSION

"The district court . . . has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."

*Id.* "If a party . . . fails to obey an order to provide or permit discovery, . . . the court [may enter an order] striking pleadings in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii).

Here, despite plaintiff's diligent efforts, and defendant's recognition that the requested discovery is critical to this case and the calculation of damages, defendant has failed to produce the documents plaintiff needs to complete the audit. Furthermore, defendant did not comply with the court's November 22, 2017, order (doc. 16) to produce the documents.

At the February 22, 2018, hearing, defense counsel represented: (1) his attempts to have defendant produce the documents plaintiff needs for the audit were unsuccessful; (2) defendant's principal is currently located somewhere in Puerto Rico; (3) defendant is insolvent; and (4) defendant no longer has employees capable of identifying the relevant documents. Counsel also said defendant intended to file a petition for bankruptcy in the near future.

Based on plaintiff's representations, and the forthright concessions made by defense counsel, the undersigned finds monetary sanctions against defendant are not practical in this case, and would accomplish no end other than further delay. Defendant has proved unwilling to produce documents critical to the resolution of this case, and, due to its insolvency, monetary sanctions are unlikely to cause compliance. An appropriate sanction—the only practical sanction—for

Case No. 3:17cv399-RV-CJK

defendant's failure to meet any of its obligations will be to strike defendant's pleadings, including its counterclaim. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) (providing the court may strike pleadings when a party fails to obey an order to provide discovery); *see also State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, . . . for failure to prosecute or obey a court order or federal rule.") (*citing* Fed. R. Civ. P. 41(b)-(c)).

In addition, the court previously granted plaintiff's request for fees and costs for bringing the "Motion to Require Turnover of Documents for Audit" (doc. 14). The determination of the amount of those expenses remains outstanding. Plaintiff also seeks its expenses for bringing the "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20). As the "Motion for Enforcement" represents a continued effort by plaintiff to acquire the audit documents, and defendant has not set forth a reason to deny plaintiff the expenses, the court will award plaintiff its expenses related to the "Motion for Enforcement." Plaintiff's counsel will submit an affidavit setting forth the reasonable expenses, including attorney's fees, it incurred in bringing both motions and in conducting the recent hearing. Thereafter, defendant may respond.

Accordingly, it is ORDERED:

1.      Plaintiff's "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20) is GRANTED.

2.      Within 10 days from the date of this order, plaintiff's counsel shall submit an affidavit setting forth the reasonable expenses, including attorney's fees, it incurred in bringing the "Motion to Require Turnover of Documents for Audit" (doc. 14) and "Motion for Enforcement of Court Order and/or for Status Conference" (doc. 20).  Defendant shall have 10 days from the filing of the affidavit to respond.

And it is respectfully RECOMMENDED:

That defendant's pleadings, including its counterclaim, (doc. 4) be STRICKEN, as an appropriate, and, on the facts of this case, proportional sanction.

At Pensacola, Florida, this 26th day of February, 2018.


                        /s/ *Charles J. Kahn, Jr.*
                        **CHARLES J. KAHN, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A  party  failing  to  object  to  a  Magistrate  Judge's  findings  or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv399-RV-CJK